In the Matter of the Application of CHARLES BELOUS, Petitioner, for a Peremptory Order of Mandamus against S. HOWARD COHEN and Others, as Commissioners of Elections, Constituting the Board of Elections in the City of New York, Respondents.*

Supreme Court, Special Term, Queens County, October 19, 1937.

---

* Affd., 252 App. Div. 787; affd., 275 N. Y. 640.

*Irving Lemov*, for the petitioner.

*Paul Windels, Corporation Counsel*, for the respondents.

HALLINAN, J. The petitioner is a candidate for the office of councilman for the borough of Queens. He was designated by the City Fusion party in a petition containing no less than 2,000 signatures of qualified electors. He now claims himself to be entitled to the designations also of the American Labor party, the Citizens Non-Partisan Committee and the Progressive party. As to the first two of these independent groups, petitions designating him were filed, each of said petitions containing *less* than 2,000 signatures. As to the Progressive party, no separate petition or designation was filed.

The county committees of the above-named independent bodies filed with the respondents separate certificates authorizing the petitioner to carry on the official ballot the designation of their respective groups. The respondents, however, ruled that separate nominating petitions for *each group, containing no less than 2,000 signatures, was necessary* in order to entitle a candidate to these party designations; that since the designation of the City Fusion party alone contained more than 2,000 signatures, petitioner was entitled to that designation and to no others.

It is my opinion that the ruling of the respondents is the correct one. Under the system adopted by the city of New York (N. Y. City Charter, chap. 43, § 1005, subd. 2) it is provided that " after each candidate's name shall be printed the party, group or individual designations specified on his nominating petitions." Thus, party or group designations are specifically recognized, though emblems are barred.

Since, under subdivision b of section 1004, a *nominating petition* must be signed by not fewer than 2,000 electors, and since under subdivision 2 of section 1005 a candidate is entitled to have printed after his name the party, group or individual designations specified in his *nominating petitions*, it follows that a candidate is entitled to have printed after his name only the party, group or individual designations specified in each of such petitions as complies with subdivision b of section 1004 of the new charter.

In the present instance the designation of the City Fusion party alone complies with that provision, and the petitioner is entitled to have the name of that party, alone, printed after his name.

Motion denied. Submit order.